TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@kentlawpc.com

*Attorneys for Plaintiff,*
*Fanel Tohatan,*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fanel Tohatan, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Equifax Information Services, LLC, a Georgia corporation; Experian Information Solutions, Inc., an Ohio corporation, and Real Time Resolutions, Inc., a foreign corporation, | **JURY TRIAL DEMAND** |
| Defendants. | |

1

NOW COMES THE PLAINTIFF, FANEL TOHATAN, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for his Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681 et seq. [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Phoenix, Maricopa County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5. The Defendants to this lawsuit are:

    a. Equifax Information Services, LLC ("Equifax"), which is a Georgia company that maintains a registered agent in Maricopa County, Arizona;

    b. Experian Information Solutions, Inc., ("Experian"), which is an Ohio company that maintains a registered agent in Maricopa County, Arizona; and

c.  Real Time Resolutions, Inc. ("Real Time"), which is, upon information and belief, is a foreign entity that maintains registered offices in Dallas Texas.

### GENERAL ALLEGATIONS

6.  Real Time has reported its trade line with account number 2228XXXX ("Errant Trade Line") on Plaintiff's Experian and Equifax credit files.  The last time that Plaintiff made a payment on the debt, which is the subject of this Errant Trade Line, was in 2007.  The seven year time limit for reporting delinquent information in connection with the trade line has expired pursuant to 15 U.S.C. 1681c.

7.  The Errant Trade Line relates to Mr. Tohatan's second mortgage.  In 2010, Mr. Tohatan surrendered his home via a "key for cash" settlement that he made with GR Financial, LC.

8.  On or about March 3, 2014, Mr. Tohatan obtained his Equifax and Experian credit files and noticed that Real Time was still reporting its Errant Trade Line.

9.  On or about July 18, 2014, Mr. Tohatan submitted a letter to Experian and Equifax, disputing the Errant Trade Line.

10. On or about August 4, 2014, Mr. Tohatan received correspondence from Experian, which stated that it received a suspicious request and that it had not

3

taken any action on the request. Experian stated that any future requests made in this matter would not be processed and would not receive a response.

11. On or about March 19, 2015, Mr. Tohatan submitted another letter to Experian and Equifax disputing the Errant Trade Line.  Plaintiff explained that he last made a payment on the Real Time Resolution's account in 2007 and, therefore, the trade line was beyond the statute of limitations as provided for in the FCRA at 15 U.S.C. 1681c.

12. Upon information and belief, Experian and Equifax transmitted Mr. Tohatan's second consumer dispute to Real Time.

13. On or about April 1, 2015, Plaintiff received results of the dispute from Experian.  The results showed that Real Time retained its Errant Trade Line.

14. On or about April 3, 2015, Plaintiff received results of the dispute from Equifax.  The results showed that Real Time verified and continued to report the Errant Trade Line.

## COUNT I

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY REAL TIME**

15. Plaintiff realleges the above paragraphs as if recited verbatim.

16. After being informed by Experian and Equifax of Mr. Tohatan's consumer disputes to the Errant Trade Line, Real Time negligently failed to conduct a

proper reinvestigation of Mr. Tohatan's disputes as required by 15 USC 1681s-2(b).

17. Real Time negligently failed to review all relevant information available to it and provided by Experian and Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Experian and Equifax to remove the Errant Trade Line from Mr. Tohatan's credit files.

18. The Errant Trade Line is inaccurate and creates a misleading impression on Mr. Tohatan's consumer credit file with Experian and Equifax to which it is reporting such trade line.

19. As a direct and proximate cause of Real Time's negligent failure to perform its duties under the FCRA, Mr. Tohatan has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

20. Real Time is liable to Mr. Tohatan by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

21. Mr. Tohatan has a private right of action to assert claims against Real Time arising under 15 USC 1681s-2(b).

   **WHEREFORE, PLAINTIFF PRAYS** that this Court grant him a judgment against Real Time for damages, costs, interest, and attorneys' fees.

## <u>COUNT II</u>

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY REAL TIME

22. Plaintiff realleges the above paragraphs as if recited verbatim.

23. After being informed by Experian and Equifax that Mr. Tohatan disputed the accuracy of the information it was providing, Real Time willfully failed to conduct a proper reinvestigation of Mr. Tohatan's dispute.

24. Real Time willfully failed to review all relevant information available to it and provided by Experian and Equifax as required by 15 USC 1681s-2(b).

25. As a direct and proximate cause of Real Time's willful failure to perform its respective duties under the FCRA, Mr. Tohatan has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

26. Real Time is liable to Mr. Tohatan for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this Court grant him a judgment against Real Time for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

27. Plaintiff realleges the above paragraphs as if recited verbatim.

28. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Tohatan as that term is defined in 15 USC 1681a.

29. Such reports contained information about Mr. Tohatan that was false, misleading, and inaccurate.

30. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it  reported to one or more third parties pertaining to Mr. Tohatan, in violation of 15 USC 1681e(b).

31. After receiving Mr. Tohatan's consumer disputes to the Errant Trade Line, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

32. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Mr. Tohatan has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

33. Equifax is liable to Mr. Tohatan by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**WHEREFORE, PLAINTIFF PRAYS** that this Court grant him a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

34. Plaintiff realleges the above paragraphs as if recited verbatim.

35. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Tohatan as that term is defined in 15 USC 1681a.

36. Such reports contained information about Mr. Tohatan that was false, misleading, and inaccurate.

37. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Tohatan, in violation of 15 USC 1681e(b).

38. After receiving Mr. Tohatan's consumer disputes to the Errant Trade Line, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

39. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Mr. Tohatan has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

40. Equifax is liable to Mr. Tohatan by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this Court grant him a judgment against Equifax for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## <u>COUNT V</u>

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

41. Plaintiff realleges the above paragraphs as if recited verbatim.

42. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Tohatan as that term is defined in 15 USC 1681a.

43. Such reports contained information about Mr. Tohatan that was false, misleading, and inaccurate.

9

44. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Tohatan, in violation of 15 USC 1681e(b).

45. After receiving Mr. Tohatan's consumer disputes to the Errant Trade Line, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

46. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Mr. Tohatan has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

47. Experian is liable to Mr. Tohatan by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.


**WHEREFORE, PLAINTIFF PRAYS** that this Court grant him a judgment against Experian for actual damages, costs, interest, and attorneys' fees.


## <u>COUNT VI</u>

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN**

48. Plaintiff realleges the above paragraphs as if recited verbatim.

49. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Tohatan as that term is defined in 15 USC 1681a.

50. Such reports contained information about Mr. Tohatan that was false, misleading, and inaccurate.

51. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Tohatan, in violation of 15 USC 1681e(b).

52. After receiving Mr. Tohatan's consumer disputes to the Errant Trade Line, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

53. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Mr. Tohatan has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

54. Experian is liable to Mr. Tohatan by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this Court grant him a judgment against Experian for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.


## **JURY DEMAND**

Plaintiff hereby demands a trial by Jury.


DATED: June 19, 2015                                    KENT LAW OFFICES


By:   /s/   Trinette G. Kent
Trinette G. Kent
Attorneys for Plaintiff,
Fanel Tohatan

12